COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


JUDY ANN KISLING
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0169-98-3    JUDGE JERE M. H. WILLIS, JR.
                                           DECEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
                 Humes J. Franklin, Jr., Judge

        William E. Bobbitt, Jr., Public Defender, for
        appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General;
        Ruth A. Morken, Assistant Attorney General,
        on brief), for appellee.


        On appeal from her conviction of taking liberties with a

child, in violation of Code § 18.2-370.1, Judy Ann Kisling

contends that the evidence is insufficient to prove that she had

a custodial or supervisory relationship with the victim as

required by the statute. We reverse the judgment of the trial

court.

                        I.  BACKGROUND

        Shannon Nicole Breeden, aged seventeen years, was evicted

from her apartment after the landlord learned that Shannon's

mother was in prison and she was living in the apartment

unsupervised. Kisling invited Shannon to stay in her home

temporarily. Shannon accepted this invitation and lived with

---
        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Kisling from September 1, 1997 to October 29, 1997.

Shannon had no means of supporting herself.  Kisling provided her food and clothing during her stay.  Although Kisling attempted to lay down guidelines for Shannon's occupancy of the home, she had no personal authority to direct or counsel Shannon.  Shannon came and went as she pleased.  She decided on her own to leave the home after she and Kisling disagreed about whether Shannon's boyfriend could visit.  Shannon was no more than a guest in Kisling's home.

After moving out of Kisling's home, Shannon told April Berry and others that while she was staying at Kisling's home, Kisling had asked her to engage in sexual activity with various men in exchange for crack cocaine.  Shannon told a police investigator that this had occurred at least four times.  Kisling was convicted of taking indecent liberties with a child over whom she maintained a custodial or supervisory relationship, in violation of Code § 18.2-370.1.

> Code § 18.2-370.1 states, in relevant part, that [a]ny person eighteen years of age or older who maintains a custodial or supervisory relationship over a child under the age of eighteen, including but not limited to the parent, step-parent, grandparent, step-grandparent, or who stands in loco parentis with respect to such child and is not legally married to such child, and who, with lascivious intent, knowingly and intentionally . . . proposes to the child that the child engage in sexual intercourse, sodomy, or fondling of sexual or genital

                    parts with another person . . . shall be
                    guilty of a Class 6 felony.

Code § 18.2-370.1.

     Kisling contends that the evidence failed to prove that
there existed a custodial or supervisory relationship between her
and Shannon.  We agree.

     For a custodial or supervisory relationship to exist, the
custodian or supervisor must hold some form of legal or actual
authority over the child.  Kisling maintained no such authority
over Shannon.  Although Shannon was a minor, Kisling was herself
but twenty-five years old.  The two young women were friends.
Their relationship was no more than that of hostess and guest.
Kisling had no authority to punish Shannon, no authority to
impose upon her personal rules or regulations, no authority to
control her personal behavior.  Shannon did not look to Kisling
for supervision.  Kisling's sole contribution to Shannon was the
gratuitous provision of food and shelter.  Because Kisling lacked
custody or supervision of Shannon, we reverse the judgment of the
trial court and dismiss Kisling's conviction.

     The judgment of the trial court is reversed.

                                                  <u>Reversed.</u>